IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
KEVIN MCCLOSKEY,                      :
                                      :
            Plaintiff,                :
                                      :
    v.                                : Civil Action No. 09-320-JJF
                                      :
MICHAEL J. ASTRUE,                    :
Commissioner of Social                :
Security,                             :
                                      :
            Defendant.                :
                                      :
                                      :
```

John S. Grady, Esquire of GRADY & HAMPTON, L.L.C., Dover,
Delaware.

Attorney for Plaintiff.

David C. Weiss, Esquire, United States Attorney, and Patricia
Stewart, Esquire, Special Assistant United States Attorney, of
the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Of Counsel: Eric P. Kressman, Esquire, Acting Regional Chief
Counsel, and Beverly H. Zuckerman, Esquire, Assistant Regional
Counsel of the SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July **𝔇𝒪**, 2010
Wilmington, Delaware

Farman, District Judge.

Presently before the Court is an appeal pursuant to 42 U.S.C. § 405(g) filed by Plaintiff, Kevin McCloskey, seeking review of the final administrative decision of the Commissioner of the Social Security Administration (the "Administration") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433, 1381-1383f. Plaintiff has filed a Motion For Summary Judgment (D.I. 7) requesting the Court to reverse the decision of the Commissioner and direct an award of benefits, or in the alternative, to remand this matter to the Administration for further development and analysis.[1] In response to Plaintiff's Motion, Defendant has filed a Cross-Motion For Summary Judgment (D.I. 9 ) requesting the Court to affirm the Commissioner's decision. For the reasons set forth below, Defendant's Cross-Motion For Summary Judgment will be granted, and Plaintiff's Motion For Summary Judgment will be denied. The decision of the Commissioner dated January 4, 2008, will be affirmed.

## BACKGROUND

---

[1]     Plaintiff also specifically asks the Court to remand this matter to a different A.L.J., because based on the experience of counsel, remand to the same A.L.J. often result in further denials of disability claims. (D.I. 11 at 14).

## I.   Procedural Background

Plaintiff filed his application for DIB and SSI on February 27, 2005, alleging disability since March 15, 2003, due to rheumatoid arthritis, inflammatory polyarthropathies, and mood disorders. (Tr. 25, 55, 63, 537-538). Plaintiff's application was denied initially and upon reconsideration. (Tr. 23, 25, 41, 435, 537). Thereafter, Plaintiff requested a hearing before an administrative law judge (the "A.L.J."). (Tr. 51). On January 4, 2008, the A.L.J. issued a decision denying Plaintiff's application for DIB and SSI. (Tr. 13-22). Following the unfavorable decision, Plaintiff timely appealed to the Appeals Council. (Tr. 5-8). The Appeals Council denied Plaintiff's request for review, and the A.L.J.'s decision became the final decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 107 (2000).

After completing the process of administrative review, Plaintiff filed the instant civil action pursuant to 42 U.S.C. § 405(g) seeking review of the A.L.J.'s decision denying his claim for DIB and SSI. In response to the Complaint, Defendant filed an Answer (D.I. 3) and the Transcript (D.I. 5) of the proceedings at the administrative level.

Thereafter, Plaintiff filed a Motion For Summary Judgment and Opening Brief in support of the Motion. In response, Defendant filed a Cross-Motion For Summary Judgment and a

Combined Opening Brief in support of his Cross-Motion and
Opposition to Plaintiff's Motion requesting the Court to affirm
the A.L.J.'s decision. Plaintiff has filed a Reply Brief.
Accordingly, the Court will proceed to address the merits of
Plaintiff's claims.

## II.  **Factual Background**

### A.  Plaintiff's Medical History, Condition and Treatment

At the time of the A.L.J.'s decision, Plaintiff was 38 years
old and defined as a younger individual under the regulations.
(Tr. 22, 61, 63, 538). Plaintiff completed high school and one
year of college and has a certificate to do fire safety
inspections. (Tr. 93, 230, 580). He has worked as a security
monitor and does part time work for a family business, but does
not take a salary. (Tr. 586).

By way of brief summary, Plaintiff has a history of chronic
pain in his back and joints. He has been diagnosed with
ankylosing spondylitis and Reiter's syndrome. Plaintiff's
complaints of joint pain improved with Remicade and Enbrel. (Tr.
427-428). X-rays and examinations of Plaintiff have been normal
(Tr. 357-358); however, in more recent examinations, Plaintiff's
treating and examining physicians have noted decreased range of
motion in the lower back. (Tr. 275, 302). Plaintiff has
received sacroiliac injections frequently with some relief. (Tr.
276-277, 434). Plaintiff's family doctor, rheumatologist and

3

pain management physician all opined that he is unable to work
based upon Plaintiff's subjective complaints of pain. Notably,
none of these physicians provided functional limitations to
support their assessments.

On July 14, 2005, a state agency physician completed a
residual functional capacity assessment ("RFC") of Plaintiff and
concluded that Plaintiff could lift and/or carry 20 pounds
occasionally, 10 pounds frequently, stand or walk for 2 hours in
an 8-hour day and sit for 6 hours in an 8-hour day. He further
found Plaintiff could climb, balance, stoop, kneel, crouch, and
crawl occasionally and should avoid concentrated exposure to
extreme cold, vibration and hazards (machinery, heights). (Tr.
187, 189). On April 6, 2006, a second state agency physician
affirmed this assessment. (Tr. 25, 192, 102, 266).

On April 16, 2007, three months prior to the administrative
hearing, Plaintiff was evaluated by Dr. Shroff, M.D., a staff
physician at Johns Hopkins Medicine at the request of Dr. Hosny,
Plaintiff's rheumatologist. Dr. Shroff concluded that "[g]iven
the fact that [Plaintiff's] low back pain [was] responsive to
prednisone and TNF antagonists, his current pain was out of
proportion to his examination findings. (Tr. 435).

On May 4, 2007, Plaintiff went to the hospital complaining
of severe pain over his entire body. (Tr. 445). Plaintiff
reported that he had stopped taking his steroid medication due to

4

sinus problems. (Tr. 463). Dr. Hosny performed a consultative examination and noted an exacerbation of Plaintiff's condition upon discontinuing Enbrel. (Tr. 465).

After the hearing, the ALJ sent Plaintiff for consultative examination by Dr. Romero. Dr. Romero indicated that Plaintiff could lift and carry 10 pounds, sit for two hours, stand for one hour, and walk for one hour in an 8-hour day. (Tr. 526).

Consultative psychiatric evaluation and reviews of Plaintiff's records were also conducted at the request of the agency. Janis Chester, M.D. assigned Plaintiff a GAF of 50 and concluded that he was not capable of handling funds and had a mental impairment that would limit his ability to engage in work activity. (Tr. 231, 238). However, Dr. Chester did not respond to the question asking her to describe how Plaintiff would be limited. (Tr. 238). In a second form, Dr. Chester found that Plaintiff was moderately limited with respect to work involving minimal contact with others and the ability to perform simple repetitive tasks. (Tr. 234, 237).

On March 16, 2006, Pedro M. Ferreira, Ph.D, M.B.A, a state agency psychologist, evaluated Plaintiff's record and concluded that Plaintiff had no significant or only moderate limitations in his ability to understand and remember, sustain concentration or persistence, and interact and adapt to social situations. According to Dr. Ferreira, Plaintiff may not be able to function

around some people, but there was no indication in the record that he could not perform simple, repetitive work. (Tr. 242).

B. The A.L.J.'s Decision

At the hearing, Plaintiff was represented by counsel. Plaintiff testified, as well as his wife. The A.L.J. consulted a vocational expert and asked her to consider a hypothetical person with Plaintiff's age, education, work history, and limited to light work with occasional posturals, except never climbing a ladder rope or scaffold, avoidance of concentrated exposure to cold and hazards, work with only occasional contact with the public and occasional supervision that would be low stress with only the occasional need to make decisions or use judgment and work that is not at a production pace. In response, the vocational expert indicated that Plaintiff could perform his past position of security monitor, as well as the additional jobs of mail clerk (non-postal) with 600 jobs locally and 80,000 jobs nationally and inspector.[2] The A.L.J. also asked the vocational expert to consider sedentary level jobs, and she noted the

---

[2] The vocational expert's testimony is unclear with respect to the number of jobs available for the position. The vocational expert testified as follows:
A: At the light exertional level the unskilled position of inspector there are approximately 60,000 of those positions in the national economy, approximately 150,000 at the local economy.
Q: 300 and
A: 350 in the local economy.
Thus, the Court is unclear as to the precise parameters of the vocational expert's testimony on this point.

6

position of order clerk with 400 jobs locally and 80,000 jobs
nationally, and inspector with 350 jobs locally and 60,000 jobs
nationally.

In her decision dated January 4, 2008, the A.L.J. found that
Plaintiff suffered from ankylosing spondylitis and depression
which were severe impairments, but which did not meet a listing.
The A.L.J. further found that Plaintiff had the residual
functional capacity to perform sedentary work with occasional
postural limitations, but no climbing and must avoid cold and
hazards, and limited to simple unskilled work, no production pace
and only the occasional need to make judgments. (Tr. 17). Based
on this residual functional capacity, the A.L.J. determined that
Plaintiff could perform his past relevant work as a security
monitor, which was work at the unskilled, sedentary level. (Tr.
21). Accordingly, the A.L.J. concluded that Plaintiff was not
under a disability within the meaning of the Act.

## STANDARD OF REVIEW

Findings of fact made by the Commissioner of Social Security
are conclusive, if they are supported by substantial evidence.
Accordingly, judicial review of the Commissioner's decision is
limited to determining whether "substantial evidence" supports
the decision. Monsour Medical Ctr. v. Heckler, 806 F.2d 1185,
1190 (3d Cir. 1986). In making this determination, a reviewing
court may not undertake a de novo review of the Commissioner's

7

decision and may not re-weigh the evidence of record. Id. In other words, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id. at 1190-91.

The term "substantial evidence" is defined as less than a preponderance of the evidence, but more than a mere scintilla of evidence. As the United States Supreme Court has noted, substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 555 (1988).

With regard to the Supreme Court's definition of "substantial evidence," the Court of Appeals for the Third Circuit has further instructed, "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores or fails to resolve a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the substantial evidence standard embraces a qualitative review of the evidence, and not merely a quantitative approach. Id.; Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

8

## DISCUSSION

### I. Evaluation Of Disability Claims

Within the meaning of social security law, a "disability" is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3). To be found disabled, an individual must have a "severe impairment" which precludes the individual from performing previous work or any other "substantial gainful activity which exists in the national economy." 20 C.F.R. §§ 404.1505, 416.905. In order to qualify for disability insurance benefits, the claimant must establish that he or she was disabled prior to the date he or she was last insured. 20 C.F.R. § 404.131, Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990). The claimant bears the initial burden of proving disability. 20 C.F.R. §§ 404.1512(a), 416.912(a); Podeworthy v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).

In determining whether a person is disabled, the Regulations require the A.L.J. to perform a sequential five-step analysis. 20 C.F.R. §§ 404.1520, 416.920. In step one, the A.L.J. must determine whether the claimant is currently engaged in substantial gainful activity. In step two, the A.L.J. must

9

determine whether the claimant is suffering from a severe impairment. If the claimant fails to show that his or her impairment is severe, he or she is ineligible for benefits. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

If the claimant's impairment is severe, the A.L.J. proceeds to step three. In step three, the A.L.J. must compare the medical evidence of the claimant's impairment with a list of impairments presumed severe enough to preclude any substantial gainful work. Id. at 428. If the claimant's impairment meets or equals a listed impairment, the claimant is considered disabled. If the claimant's impairment does not meet or equal a listed impairment, the A.L.J.'s analysis proceeds to steps four and five. Id.

In step four, the A.L.J. is required to consider whether the claimant retains the residual functional capacity to perform his or her past relevant work. Id. The claimant bears the burden of establishing that he or she cannot return to his or her past relevant work. Id.

In step five, the A.L.J. must consider whether the claimant is capable of performing any other available work in the national economy. At this stage the burden of production shifts to the Commissioner, who must show that the claimant is capable of performing other work if the claimant's disability claim is to be denied. Id. Specifically, the A.L.J. must find that there are

10

other jobs existing in significant numbers in the national
economy, which the claimant can perform consistent with the
claimant's medical impairments, age, education, past work
experience and residual functional capacity. Id. In making this
determination, the A.L.J. must analyze the cumulative effect of
all of the claimant's impairments. At this step, the A.L.J.
often seeks the assistance of a vocational expert. Id. at 428.

## II. Whether The A.L.J.'s Decision Is Supported By Substantial Evidence

By his Motion, Plaintiff contends that the A.L.J.'s decision
is not supported by substantial evidence and contains several
legal flaws. Specifically, Plaintiff contends that the A.L.J.
(1) failed to give appropriate weight to the opinion of
Plaintiff's treating physicians, including Dr. Edmonson, Dr.
Hosny and Dr. Balu; (2) failed to properly consider the opinions
of the state agency consulting physicians on both Plaintiff's
physical and mental impairments; (3) failed to consider the
combination of Plaintiff's complaints; (4) erred in finding that
Plaintiff was not credible; and (5) failed to pose a proper
hypothetical to the vocational expert that included all of
Plaintiff's limitations.

The Court has reviewed the decision of the A.L.J. in light
of the record evidence and concludes that it is supported by
substantial evidence. Although a treating physician's opinion is
entitled to great weight, a treating physician's statement that a

11

plaintiff is unable to work or is disabled is not dispositive.
The A.L.J. must review all the evidence and may discount the
opinions of treating physicians if they are not supported by the
medical evidence, provided that the A.L.J. explain his or her
reasons for rejecting the opinions adequately. Fargnoli v.
Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Mason v. Shalala, 994
F.2d 1058, 1067 (3d Cir. 1993).

     In this case, the A.L.J. expressly addressed the opinions of
Drs. Edmonson, Hosny and Balu and found those opinions to be
entitled to little weight. In particular, the A.L.J.'s decision,
read as a whole, notes several inconsistencies between the
physicians' opinions and their progress notes, as well as between
these opinions and the objective medical tests. Further, the
opinions of these physicians contain conclusory statements which
are unsupported by any assessment of Plaintiff's functional
limitations. In addition, the opinions of these physicians
conflict with the opinions of Dr. Shroff and at least one state
agency physician in the record. The A.L.J. was entitled to
resolve these conflicts in the evidence so long as an adequate
rational was provided. In the Court's view, the A.L.J.'s
detailed discussion of the medical records and the manner in
which those records conflict with the cursory opinions of
Plaintiff's treating physicians is sufficient to justify her
decision to afford those opinions less than controlling weight.

Accordingly, the Court cannot conclude that the A.L.J. erred in her analysis of the treating physician opinions.

Similarly, the Court finds that the A.L.J. provided adequate rational for her decision to reject the opinion provided by Dr. Chester during her one-time consultative examination of Plaintiff.  As the A.L.J. noted, Plaintiff is not receiving psychiatric treatment and his hearing testimony indicates that his daily activities are limited by physical pain and not psychological symptoms.  Plaintiff has had no episodes of decompensation and only moderate difficulties socially which are not indicative of the marked restrictions that would preclude work.  Further, Dr. Chester's opinions are contradicted by Dr. Ferreira's opinions.  Dr. Ferreira reviewed the record and concluded that Plaintiff did not meet a listing because his restrictions were only mild or moderate.  Dr. Ferreira's findings are also consistent with Plaintiff's testimony that his depression was alleviated with medication and with the psychiatric evaluation of his primary care doctor which showed only mildly depressed mood and not abnormalities of judgment, insight or memory.  (Tr. 592, 292).  Accordingly, the Court finds no error in the A.L.J.'s analysis of the listing requirements and no error in her decision to decline to accept Dr. Chester's opinions, as neither is supported by the documented record evidence.

With respect to Plaintiff's credibility, the A.L.J.'s
assessment is generally afforded great deference, because the
A.L.J. is in the best position to evaluate the demeanor and
attitude of the plaintiff.  See, e.g., Fargnoli v. Massanari, 247
F.3d 34, 43 (3d Cir. 2001).  However, the A.L.J. must explain the
reasons for his or her credibility determinations.  Schonewolf v.
Callahan, 972 F. Supp. 277, 286 (D.N.J. 1997) (citations
omitted).  "Inconsistencies in a claimant's testimony or daily
activities permit an ALJ to conclude that some or all of the
claimant's testimony about her limitations or symptoms is less
than fully credible."  Garrett v. Comm'r of Soc. Sec., 274 Fed.
Appx. 159, 164 (3d Cir. 2008) (citing Burns v. Barnhart, 312 F.3d
113, 129-30 (3d Cir.2002).  Additionally, allegations of pain and
other subjective symptoms must be supported by objective medical
evidence.  Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

In this case, the Court is persuaded that the A.L.J.
properly analyzed Plaintiff's subjective complaints of pain and
his credibility.  As the A.L.J. noted, Plaintiff's medical
records reveal that Plaintiff has engaged in a number of
significant activities such as camping, traveling to Florida and
Las Vegas, and working at least part-time for the family business
without compensation.  (Tr. 20).  Plaintiff contends that his
part-time work when compared to his long full-time work record
support his credibility; however, the Court agrees with Defendant

14

that a long prior work history does not automatically require the A.L.J. to credit Plaintiff's testimony that he can no longer work where, as here, that testimony is not supported by the objective medical evidence in the record. Accordingly, the Court cannot conclude that the A.L.J. erred in her assessment of Plaintiff's credibility.

As for the hypothetical posed by the A.L.J. to the vocational expert, the A.L.J. is only required to include those limitations which are credibly supported by the record. Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In the Court's view, the A.L.J.'s hypothetical sufficiently reflected Plaintiff's limitations as corroborated by the objective medical evidence and Plaintiff's testimony to the extent that it was consistent with that evidence. Accordingly, the Court concludes that the A.L.J. did not err in his hypothetical to the vocational expert and the vocational expert's testimony is substantial evidence that supports the A.L.J.'s decision.

In sum, the Court cannot reweigh the evidence submitted by the A.L.J. or decide the issues presented to the A.L.J. de novo. Rather, the Court's review is limited to determining whether the A.L.J.'s decision is supported by substantial evidence. This includes a determination of whether the A.L.J's decision is accompanied by "a clear and satisfactory explication of the basis

on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). Because the Court concludes that the A.L.J. sufficiently explained her rationale for the decision and that decision is supported by substantial evidence, which includes the opinions of reviewing state agency physicians, as well as Plaintiff's testimony and the objective medical tests and treatment notes concerning his condition which do not suggest disabling limitations, the Court will affirm the decision of the Commissioner denying Plaintiff's claim for DIB and SSI.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Cross-Motion For Summary Judgment and deny Plaintiff's Motion For Summary Judgment. The decision of the Commissioner dated August 24, 2006 will be affirmed.

An appropriate Order will be entered.

16